Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8766 | **DATE** | 11/5/2012 |
| **CASE TITLE** | Davit v. Stogsdill | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [4] is denied. Further, Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff's motion for appointment of counsel [5] is denied. Case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This is at least the twelfth separate federal lawsuit plaintiff Davit has filed regarding his divorce and subsequent child support obligations. Each of Davit's previous eleven lawsuits has been dismissed, and his claim fares no better this time.

    Davit alleges that defendant Stogsdill, his ex-wife's former attorney, has violated RICO and the "Color of Law Acts" to cover up crimes committed by Davit's ex-wife, among others. The gist of Davit's allegation is that "Stogsdill owns the judges in [Illinois'] 18th district," and causes the judges to make illegal rulings. Davit cites two specific examples of allegedly illegal rulings: a ruling that Stogsdill was entitled to $25,000 "of Plaintiff's inheritance," and an award of $5,000 in attorney fees from a previous state court lawsuit Davit brought against Stogsdill.

    Other than conclusory allegations that judges in the 18th District always rule in Stogsdill's favor, the complaint fails to allege any facts whatsoever indicating that Stogsdill has violated RICO or any other law. Thus, the case must be dismissed because it fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), and because it is frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). Furthermore, this complaint appears to be an attempt to relitigate of Davit's previously dismissed complaints. In particular, this complaint is strikingly similar to Davit's complaint in case number 09 C 7998, in which Davit alleged that Stogsdill (among others) conducted "judicial manipulation" of state court judges in violation of RICO and § 1983 and further alleged (as he does here) that the state judicial system was controlled by the Republican party. Davit's previous complaint was dismissed with prejudice by Judge Castillo, the Seventh Circuit summarily affirmed in appellate case number 10-1569, and Davit was warned that future frivolous appeals would lead to sanctions.

    Davit also references case number 10 C 4803, which he claims was dismissed by Judge

Gettleman on October 3 and October 25, 2012. That lawsuit was actually dismissed and terminated on January 4, 2011, for failure to serve the defendants. Davit moved for reconsideration of the dismissal on February 3, 2011, and his motion was denied on February 17, 2011. On August 21, 2012, Davit moved to amend his complaint, and Judge Gettleman denied that motion on August 29, 2012. Davit moved the court to reconsider on September 27, 2012, and his motion was denied on October 2, 2012. Davit moved again for reconsideration on October 22, 2012, and Judge Gettleman denied that motion on October 25, 2012. That case serves as an example of the repetitive litigation strategy Davit has employed in several of his previous lawsuits.

This case cannot be relitigated because it arises out of the same set of facts as Davit's previous lawsuits. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("res judicata prevents the relitigation of claims already litigated"); *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993) ("[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations."). Therefore, Davit's complaint is dismissed with prejudice.

Besides filing a frivolous complaint, Davit also appears to have filed a false affidavit in support of his motion for appointment of counsel. In his motion, Davit declared that he had never previously been represented by an attorney appointed by the Court in any civil proceeding before this Court. Dkt. 5 at 1. However, Davit was represented by Court-appointed counsel in case number 08 C 3725, a separate RICO claim against Stogsdill and others that was dismissed with prejudice.

Based on his abuse of the litigation process and submission of a false affidavit, the Clerk of the Court is directed to formally recommend Plaintiff John J. Davit to the Executive Committee of the Northern District of Illinois to be considered for its list of restricted filers. Since 2002, Davit has continually brought frivolous cases in this Court, and when a case is dismissed and his requests for reconsideration are denied, he has simply re-filed his claims in a new complaint.[1] Plaintiff has now exacerbated these abuses by making a patently false

---

[1] Davit's previous cases, the assigned judges, and the case dispositions are listed below:

| Case No. | Case Name | Judge | Disposition |
| --- | --- | --- | --- |
| 02 C 6769 | Davit v. Jerz | Holderman | Habeas suit dismissed for failure to exhaust state court remedies |
| 03 C 3592 | Davit v. Zarubba | Holderman | Habeas suit dismissed for failure to exhaust state court remedies |
| 03 C 4883 | Davit v. Davit | Filip | Dismissed for failure to state a claim. Aff'd, 173 Fed. App'x 515 (7th Cir. 2006) |
| 04 C 4615 | Davit v. Dupage | Holderman | Dismissed as refiling of 03 C 4883 |
| 05 C 2002 | Davit v. Stogsdill | Filip | Dismissed as barred by res judicata and failure to state a claim |
| 06 C 4878 | Davit v. Davit | Kocoras | Dismissed for failure to state a claim |

submission of fact in a filing to the Court. The resources of the Court are not unlimited, and Plaintiff has for years now diverted those resources from litigants who have legitimate claims, impairing this Court's ability to provide prompt, efficient and fair administration of justice to the public.

   Case dismissed.

*[signature: John J. Tharp Jr.]*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

| | | | |
|---|---|---|---|
| 08 C 3725 | Davit v. Stogsdill | Castillo | Dismissed for failure to state a claim. Appeal dismissed with warning against filing future appeals. 371 Fed. App'x 683 (7th Cir. 2010) |
| 08 C 7155 | Davit v. Davit | Zagel | Dismissed for failure to state a claim |
| 09 C 7998 | Davit v. Stogsdill | Guzman | Dismissed for failure to state a claim. Appeal denied by 7th Cir. as frivolous |
| 10 C 4803 | Davit v. Stogsdill | Gettleman | Dismissed for failure to timely effect service |
| 11 C 1846 | Davit v. Stogsdill | Lefkow | Dismissed for failure to state a claim |